Edge *v.* Goulard.

NELSON J. H. EDGE

*v.*

THOMAS GOULARD et al.

Two mortgages on land were given, one in 1868 and the other in 1869. In 1870 the owner of the fee conveyed a strip of the premises to Mrs. James for a party wall, which strip Mrs. James conveyed to complainant in 1877. In 1878 the owner of the fee conveyed another strip of the premises to complainant for the same purpose, and also the rear of the premises. None of these conveyances were made subject to the two mortgages. In 1874, the owner of the fee conveyed all the rest of the premises to Mrs. Goulard, who thereby assumed the payment of both of the mortgages as part of the purchase-money. In 1880, Mrs. Goulard and her husband entered into an agreement with the holders of the two mortgages, that the holder of the first mortgage, Mrs. Gordon, should foreclose it, making the holder of the second mortgage and the complainant, and the Goulards, defendants thereto, and that Mr. Goulard should buy in the premises at the foreclosure sale, for a nominal

Edge *v.* Goulard.

price, and then pay off both mortgages, the Goulards' object being to obtain title to complainant's part of the premises without paying any consideration therefor. The agreement was carried out, and Goulard bought the premises for $3,500, and paid off both mortgages, subsequently giving a new mortgage on all the premises, except the party-wall strip, to Mrs. Gordon.—*Held*, that a demurrer for want of equity would be overruled, because complainant's remedy at law on the covenants in his deed for the party-wall strip was inadequate, for the wall of his own house is built into the defendants, and a foundation for an independent wall cannot be laid there without piling, the driving of which the defendant's house prevents; and, also, because the foreclosure proceedings were fraudulent and collusive, and an abuse of the process of the court, and the fact that Goulard paid more than a nominal price at the foreclosure sale makes no difference; and, also, because the charges of the bill implicate Mrs. Gordon in the sham foreclosure, and raise an equity against her.

Bill for relief.   On general demurrer by all the defendants.

*Mr. Flavel McGee,* for demurrant.

*Mr. J. Garrick,* for complainant.

THE CHANCELLOR.

This suit is brought to obtain relief against fraudulent foreclosure proceedings in this court.   The bill states the following facts:

On the 30th of April, 1868, Abby A. McLaughlin, being the owner of certain land in Jersey City, gave a mortgage for

---

NOTE.—Bringing a fictitious action is a contempt of court, and it will be struck off of the docket, *Brewster* v. *Kitchin, Comb. 425; Coxe* v. *Phillips, Lee temp. Hardw. 237; Elsam's Case, 3 B. & C. 597; Wright* v. *Mason, 8 Mod. 109; Ryerson* v. *Eldred, 23 Mich. 537; Loughead* v. *Bartholomew, Wright 90; Brewington* v. *Lowe, 1 Ind. 21; Smith* v. *Brown, 3 Tex. 360; Smith* v. *Junction R. R. Co., 29 Ind. 546;* see *Cook* v. *Chapman, 3 Stew. Eq. 114;* so, where there is no real dispute between the parties to the record, *Lord* v. *Veazie, 8 How.* (*U. S.*) *251; Cleveland* v. *Chamberlain, 1 Black 419;* see *Farmers Trust Co.* v. *Green Bay R. R. Co., 6 Fed. Rep. 112;* or a suit is brought nominally for the protection of a corporation, but in reality to compel its officers to settle their individual liabilities, *Erie R. R. Co.* v. *Vanderbilt, 5 Hun 123;* or the plaintiff has withdrawn from the suit, *Ryan* v. *Tomlinson, 31 Cal. 11;* or appears both as plaintiff and defendant, *Ransom* v. *Geer, 3 Stew. Eq. 249; Pear-*

$2,400 thereon to Washington B. Williams, esq., master in chancery. Mr. Williams, on the 26th of April, 1871, assigned the mortgage to Letitia Gordon, executrix. In August, 1868, Mrs. McLaughlin died. By her will she gave all her property to her daughter Margaret. The latter, May 1st, 1869, gave a mortgage for $4,000, on the same property, to Mr. Williams as master, and he assigned it in July following to Jesse Paulmier, executor, who, the same day, assigned it to the Jersey City Insurance Company. On the 5th of January, 1870, Margaret McLaughlin, for the consideration of $300, conveyed to Mrs. Martha M. James, for use as a party wall, a strip of land on the southerly side of the mortgaged premises four inches wide by thirty-six feet in depth, together with so much of the wall of the house on the mortgaged premises as was on that strip; and in April, 1877, Mrs. James conveyed it to the complainant. In March, 1878, Margaret McLaughlin conveyed to the complainant two other parts of the mortgaged premises, one being the rear thereof, and the other a continuation of the before-mentioned strip of four inches in width from the westerly end of the strip to the rear land just mentioned. In October, 1874, she conveyed to the defendant, Catharine Goulard, all of the mortgaged premises except the parts before mentioned, the strip previously conveyed to Mrs. James, and the parts subsequently conveyed to the complainant. The consideration of the deed to her was $11,500, and she assumed the payment of the two mortgages as so much of the purchase-money. About the 1st

---

son v. *Nesbit, 1 Dev. 315; Black* v. *Shreve, 3 Hal. Ch. 457; McElhanon* v. *McElhanon, 63 Ill. 457;* so, where either party is fictitious, or dead, *Scott* v. *John, 15 Ala. 566;* or a party's name is used without his knowledge or consent, *Butterworth* v. *Stagg, 2 Johns. Cas. 291; Dussaume* v. *Burnett, 5 Iowa 97; Manchester Bank* v. *Fellows, 28 N. H. 302; Titterton* v. *Osborne, 1 Dick. 350;* see *Dundas* v. *Dutens, 1 Ves. 196; Giles* v. *Halbert, 12 N. Y. 32; Jobbitt* v. *Giles, 22 Hun 274; Craig* v. *Twomey, 14 Gray 486; Archer* v. *Frowde, 1 Stra. 304; Johnson* v. *Thompson, 28 Ill. 352;* or where the defendant's name is unknown, *Morgan* v. *Thrift, 2 Cal. 562;* so, if an attorney's or solicitor's name be signed to the writ without his authority, *Oppenhein* v. *Harrison, 1 Burr. 20; Yates's Case, 4 Johns. 317.* See *Williams* v. *Douglass, 5 Beav. 82; Pope* v. *Leonard, 115 Mass. 286; Partridge* v. *Jackson, 2 Edw. Ch. 520.*—REP.

of January, 1880, she and her husband, the defendant, Thomas Goulard, entered into an agreement with the holder of the mortgages, that Mrs. Gordon, the holder of the first mortgage, should bring a suit for the foreclosure of her mortgage, and make the holder of the other and the complainant parties thereto, and that the whole of the mortgaged premises should, at the sale thereunder, be purchased by Mr. Goulard at a nominal price, and, after such purchase, he and his wife should pay off the mortgages. Both Goulard and his wife were then solvent and able to pay off the mortgages, but their object in procuring the foreclosure was to enable them thereby to obtain title to the complainant's part of the mortgaged premises without paying any consideration therefor. The suit was brought accordingly, and, at the sale, the property was bought in, in behalf of Goulard, by the solicitor of the complainants in the foreclosure suit, for $3,500, and Goulard obtained a deed from the sheriff therefor accordingly, and at or about the same time he and his wife paid off the mortgages, but did not cancel them of record. The sheriff's deed was given on or about the 8th of July 1880, and on the 15th of the same month, Goulard and his wife gave a new mortgage to Mrs. Gordon, on the part of the mortgaged premises conveyed to Mrs. Goulard by Margaret McLaughlin, and the complainant's land before mentioned on the rear of the mortgaged premises. The complainant did not learn of the existence of the agreement above mentioned between the Goulards and the mortgagees, or that the property had been bought in for Goulard, until after the execution and delivery of the sheriff's deed. The complainant has no adequate remedy at law by suit on the covenants in his deeds for the loss of the land on which the wall stands, because the beams of his house (which has been built for eight years) are, at one end, supported by the party wall, and he cannot build a new wall, for it must, on account of the nature of the land, be supported on piles, the driving of which Goulard's house renders impossible. Neither the deed to Mrs. James nor that to the complainant from Margaret McLaughlin, conveys the land subject to the mortgages, or either of them, or any part thereof.

The bill prays relief as against the Goulards and Mrs. Gordon. It alleges that the latter had full notice of the complainant's equity when she took her mortgage from the Goulards.

On the foregoing facts, there can be no doubt of the complainant's right to the relief which he seeks. The Goulards, according to the statements of the bill, conspired with the mortgagees to deprive, by means of foreclosure proceedings, which were not only collusive, but a mere sham, the complainant of his property merely for the benefit of the Goulards, and they accomplished the purpose. The collection of the money due on the mortgages was no part of the object of those proceedings, for it was agreed that the property should be struck off at the sheriff's sale to Goulard, as the pretended purchaser thereof, at a nominal price, and that he and his wife should then pay off the mortgages. Mrs. Goulard, having assumed the payment of the mortgages in the conveyance by Margaret McLaughlin to her, was, by virtue of her assumption, bound in equity to protect the complainant, as the grantee of Margaret McLaughlin of part of the mortgaged premises, at least to the extent of the value of Mrs. Goulard's land. In the proceedings for foreclosure he could have required the mortgagees, if it would not have been prejudicial to their interest to do so, to have recourse to her land before selling his to pay the mortgages. Though had the proceedings been *bona fide,* the complainant would, under the circumstances, now have no recourse to the Goulards; on the other hand, seeing that those proceedings were the very reverse, he has lost no rights by them. Obviously, equity, which relieves against fraud even in judgments at law, will not be slow to relieve against it when perpetrated by means of its own proceedings. The fact that the property was struck off at $3,500, instead of a price merely nominal, evidently will not affect the right to relief if, as the bill alleges, the foreclosure proceedings were merely colorable. The bill states that Mrs. Gordon not only had notice of the complainant's rights in the premises, but was a party to the combination to deprive him of his property. Her mortgage was paid off by the Goulards after the sheriff's sale, and she

took a new one on all the property except the strip, on part of which the party wall is. The complainant insists that, under the circumstances, his property should be relieved from that mortgage. The bill has equity as against her. The demurrer will be overruled, with costs.